## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEX HERNANDEZ VICENTE,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, PAMELA**<br>**BONDI, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE OF IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-2045** |

**HODGE, J.**                                                                **April 7, 2026**

### <u>MEMORANDUM</u>

Petitioner Alex Hernandez Vicente ("Petitioner" or "Mr. Hernandez Vicente") is another of the numerous individuals who, pursuant to the new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225. BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Hernandez Vicente's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.      PROCEDURAL BACKGROUND[2]

Mr. Hernandez Vicente, a native of Guatemala, entered the United States through the southern border in 2023. (ECF No. 1 ¶ 17.) Shortly after he entered the country, Department of Homeland Security ("DHS") officers detained and processed Mr. Hernandez Vicente, initiated removal proceedings, and released him on his own recognizance. (*Id.* ¶ 18.) Mr. Hernandez Vicente is currently scheduled for a hearing at the Philadelphia Immigration Court on June 16, 2026. (*Id.*) Mr. Hernandez Vicente has resided in the United States since his entry in 2023 and has established a community in Georgetown, Delaware. He has two siblings that live close to him and works in construction. (*Id.* ¶ 19.)

On or around March 20, 2026, Mr. Hernandez Vicente was arrested by Delaware police on suspicion of driving under the influence. (*Id.* ¶ 20.) The state court granted Mr. Hernandez Vicente bail, but Immigration and Customs Enforcement ("ICE") took custody of Petitioner before he was released. (*Id.*) An ICE official served Mr. Hernandez Vicente with a Form I-200: Warrant for Arrest of Alien while detaining him. (*Id.* ¶¶ 20, 43.) Mr. Hernandez Vicente is currently being held at the Philadelphia Federal Detention Center. (*Id.* ¶ 21.)

## II.      LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

III.    DISCUSSION

Respondents assert that the Petition should be denied because Mr. Hernandez Vicente is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and his detention does not violate constitutional due process. (*See generally* ECF No. 4.)

### A. Mr. Hernandez Vicente Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[3] The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory

---

[3] The fact that, upon his detention, Petitioner was served with an administrative warrant by ICE officials further supports that his custody falls under Section 1226(a), rather than Section 1225(b)(2). (ECF No. 1 ¶ 43.)

detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 4 at 3–4.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

Respondents assert that the present case is a "*Q. Li*" case, referring to the BIA decision in *Matter of Q. Li*, 29 I. & N. Dec. 66 (B.I.A. 2025), which they define as those cases in which "individuals who entered the United States without inspection, were encountered near the border and detained without a warrant, released into the country, and, after a passage of time, [were] recently detained under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 4 at 2, 4.) While Respondents

4

distinguish this category of cases from "*Hurtado* cases," they note that both categories share the same authority for mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 2.) Thus, the Court's statutory analysis above applies in this so-called "*Q. Li*" category of cases. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

### B. Mr. Hernandez Vicente's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates procedural due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Hernandez Vicente. In this instance, Mr. Hernandez Vicente has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Respondents have set forth no facts suggesting Mr. Hernandez Vicente is more of a danger or flight risk now than when he was released by DHS officers in 2023. The fact that a state court judge released Mr. Hernandez Vicente on bail further underscores the lack of flight risk or danger to the community that he poses. *See Navarrete v. Noem*, No. 3:26-cv-

00320, 2026 WL 538365, at *7 (M.D. Pa. Feb. 26, 2026) (finding that the third *Mathews* factor weighed in petitioner's favor because his "single driving under the influence charge does not concern moral turpitude and would not even conditionally bar a finding of good moral character under the INA"). Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Mr. Hernandez Vicente's detention on March 20, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[4]

## IV.     CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Hernandez Vicente's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

_____

**HODGE, KELLEY B., J.**

---

[4] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(b)(2) (Count I) and violation of the Fifth Amendment Right to Procedural Due Process (Count IV), this Court declines to address Mr. Hernandez Vicente's claims for relief for violation of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* (Count II) or violation of the Fifth Amendment Right to Substantive Due Process (Count III).