## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEX HERNANDEZ VICENTE,**<br>            **Petitioner,**<br><br>          **v.**<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, PAMELA**<br>**BONDI, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE OF IMMIGRATION REVIEW,**<br>            **Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-2045** |

## O R D E R

**AND NOW**, this 7th day of April, 2026, upon consideration of Alex Hernandez Vicente's Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and the Government's opposition thereto (ECF No. 4), for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED.** The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on April 8, 2026.** Respondents shall return to Petitioner immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

2. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3. The Government is temporarily enjoined from re-detaining Petitioner until **April 15, 2026.**

4. If the Government decides to pursue re-detention of Petitioner after April 15, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

5. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

6. Petitioner's request for costs and reasonable attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, is **DENIED.**[1]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[1] This Court concurs with Judge Stickman's opinion in *Martinez-Briceno v. Warden of Moshannon Valley Processing Center*, No. 3:26-cv-232, 2026 WL 872494, at *1–2 (W.D. Pa. Mar. 30, 2026), wherein Judge Stickman held that payment of petitioner's fees and expenses was not warranted under the Equal Access to Justice Act because "Respondents' interpretation of § 1225(a), while incorrect, is substantially justified."